UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HENRIETTA ARNOLD, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:11-CV-1155-CDP |
| ST. LOUIS METROPOLITAN POLICE DEPARTMENT BOARD OF POLICE COMMISSIONERS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Henrietta Arnold for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court

must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff seeks monetary and injunctive relief in this 42 U.S.C. § 2000e-5 ("Title VII") action against defendants St. Louis Metropolitan Police Department Board of Police Commissioners and Board of Police Commissioners Bettye Battle-Turner, Richard Gray, Michael L. Gerdine, and Francis G. Slay, as well as her supervisors Daniel Isom, Antoinette Filla, Reggie Harris, Steven Mueller, Mary Warnecke, and William Swiderski. Plaintiff alleges that while she was employed by the St. Louis Metropolitan Police Department, defendants harassed her, created a hostile work environment, and retaliated and discriminated against her on the basis of her race and gender. In addition, plaintiff asserts a pendent state-law claim for "defamation of character and emotional stress."

**Discussion**

**A. Title VII Claims**

Title VII imposes liability on an employer who engages in certain discriminatory practices. As such, plaintiff's Title VII claims against defendants St. Louis Metropolitan Police Department Board of Police Commissioners and Board of Police Commissioners Bettye Battle-Turner, Richard Gray, Michael L. Gerdine, and Francis G. Slay are sufficient to proceed at this time.

The complaint is, however, legally frivolous as to plaintiff's Title VII claims against her supervisors, Daniel Isom, Antoinette Filla, Reggie Harris, Steven Mueller, Mary Warnecke, and William Swiderski. An individual holding a supervisory position over a Title VII plaintiff cannot be held liable under Title VII in his or her individual capacity. Bales v. Wal-Mart Stores, Inc.,

143 F.3d 1103, 1111 (8th Cir. 1998). The Court will, therefore, dismiss plaintiff's Title VII claims against defendants Daniel Isom, Antoinette Filla, Reggie Harris, Steven Mueller, Mary Warnecke, and William Swiderski.

**B. "Defamation of Character and Emotional Stress" Claim**

To establish a prima facie case for defamation under Missouri law, a claimant must establish six elements: "'1) publication, 2) of a defamatory statement, 3) that identifies the [claimant], 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the [claimant's] reputation.'" Gray v. AT&T Corp., 357 F.3d 763, 765 (8th Cir. 2004)(quoting Overcase v. Billings Mut. Ins. Co., 11 S.W.3d 62, 70 (Mo. 2000)(en banc)). Having carefully reviewed plaintiff's complaint, the Court finds that the allegations fail to state a claim for defamation. As such, the Court will dismiss plaintiff's defamation claims as to all defendants. The Court will construe plaintiff's assertion of "emotional stress" as a request for emotional distress damages relative to her Title VII claims against defendants St. Louis Metropolitan Police Department Board of Police Commissioners and Board of Police Commissioners Bettye Battle-Turner, Richard Gray, Michael L. Gerdine, and Francis G. Slay.

In accordance with the above,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue on the complaint as to plaintiff's Title VII claims against defendants St. Louis Metropolitan Police Department Board of Police Commissioners and Board of Police Commissioners Bettye Battle-Turner, Richard Gray, Michael L. Gerdine, and Francis G. Slay.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue on the complaint as to plaintiff's defamation claims against defendants St. Louis Metropolitan Police Department Board of Police Commissioners and Board of Police Commissioners Bettye Battle-Turner, Richard Gray, Michael L. Gerdine, and Francis G. Slay, because these allegations are legally frivolous and fail to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendants Daniel Isom, Antoinette Filla, Reggie Harris, Steven Mueller, Mary Warnecke, and William Swiderski, the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

Dated this 27th day of July, 2011.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE